# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| APACHE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MERIDIUM, INC.<br><br>Defendants. | Case No. 4:15-cv-1114 |

## DEFENDANT'S SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT[1]

Defendant, Meridium, Inc. ("Meridium") hereby files its Supplemental Answer, Affirmative Defenses, and Counterclaim to the Amended Complaint (Doc. 15) filed by Apache Corporation ("Apache"), and states:

### A. Fraudulent Inducement

31. Meridium denies the allegations of paragraph 31.

32. Meridium denies the allegations of paragraph 32.

33. Meridium denies the allegations of paragraph 33.

34. Meridium denies the allegations of paragraph 34.

35. Meridium denies the allegations of paragraph 35.

**Attorneys' Fees**

---

[1] Meridium previously filed an Answer, Affirmative Defenses and Counterclaim to the Amended Complaint on November 9, 2015, but did not fully answer Count A alleging fraudulent inducement due to filing a motion to dismiss that count. That motion was denied, and this Supplement thus fully answers the Count A as a supplement to its initial Answer, Affirmative Defenses, and Counterclaim to the Amended Complaint.

1

58. The allegations of paragraph 58 are denied.

### Exemplary Damages

59. The allegations of paragraph 59 are denied.

### Prayer for Relief

61. The allegations of paragraph 61, including all subparts and relief sought by Apache is denied.

### **AFFIRMATIVE DEFENSES**

Without admitting any of the conduct alleged by Plaintiff, or assuming any burden of proof, Meridium asserts the following defenses to the Complaint and each and every cause of action contained therein.

19. **No Reasonable Reliance** – Plaintiff is unable to demonstrate reasonable reliance on any alleged misrepresentation. This defense includes, but is not limited to, Plaintiff signing a Work Authorization and Change Request that acknowledged the basis of their claims, yet with such knowledge authorized Meridium to continue with the project. Additionally, Plaintiff did not contract for pipeline integrity management, and two of its regions, now sold, did not even plan to use WMI.

20. **Waiver & Estoppel -- P**laintiff's claims are barred by the doctrines of waiver and estoppel. This defense includes, but is not limited to, Plaintiff signing a Work Authorization and Change Request that acknowledged the basis of their claims, yet with such knowledge authorized Meridium to continue with the project.

21. **Consent and Acquiescence --** Plaintiff, at all relevant times, gave its consent, express or implied, to the alleged acts, omissions, and conduct of Meridium. This defense includes, but is not limited to, Plaintiff signing a Work Authorization and Change Request that

acknowledged the basis of their claims, yet with such knowledge authorized Meridium to continue with the project.

22. **Laches -- P**laintiff's claims are barred by the doctrine of laches. This defense includes, but is not limited to, Plaintiff signing a Work Authorization and Change Request that acknowledged the basis of their claims, yet with such knowledge authorized Meridium to continue with the project.

23. **Accord and Satisfaction – P**laintiff's claims are barred because Meridium duly performed, satisfied and/or discharged any and all duties and obligations it may have owed to Plaintiff arising out of any and all purported agreements, representations or contracts, which were subsequently accepted, fully executed, including the Work Authorization and Change Request in which Plaintiff acknowledged knowledge of the basis of its claim and requested that Meridium continue performing the project.

24. **Due Diligence –** Plaintiff has admitted on video that it was not thorough in defining its requirements, on which requirements Meridium relied, and as a result of which facts were unknown to Meridium regarding Plaintiff's use of its SAP system

25. **Fault** – Plaintiff has admitted on video that most of the issues with the project were mostly caused by Plaintiff, and that Plaintiff had already benefitted from use of the Meridium system.

26. **Ulterior Motive** – Plaintiff's termination came within minutes of the last conversation in which Plaintiff requested an expansion of the contract, during directives to cut costs, and during divestiture of assets, including regions that were to use the Meridium software.

3

27. **Failure to Plead Fraud with Specificity --** Plaintiff's claim for fraud is barred because it failed to allege facts with sufficient specificity pursuant to Federal Rule of Civil Procedure 9(b) and state law.

28. **Failure of Performance --** Plaintiff's claims are barred because it did not pay Meridium its outstanding accounts receivable as further alleged in the Counterclaim.

WHEREFORE, Meridium demand judgment in its favor in the amount of $649,563.93, plus interest, costs, and its attorneys' fees, plus such other relief as the Court deem proper and just.

This 1st day of February, 2016.

                                              Respectfully submitted,

                                             /s/Lawrence H. Kunin
                                            Lawrence H. Kunin (Pro Hac Vice)
                                            Northern District of Georgia (no Bar # assigned)
                                            Gerogia State Bar No. 430333
                                            Florida State Bar No. 50210
                                            Attorney-in-Charge for Meridium, Inc.

OF COUNSEL:

Morris, Manning & Martin, LLP
lkunin@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia  30326-1044
404/504-7798
Fax 404/429-0305

Clifford L. Harrison
State Bar No. 09113800
Federal Bar No. 3070
charrison@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam, 27th Floor
Houston, Texas  77002
(713) 222-1470 Telephone
(713) 222-1475 Facsimile

ATTORNEYS FOR DEFENDANT
MERIDIUM, INC.

**CERTIFICATE OF SERVICE**

      I certify that on the 1st day of February, 2016**,** a true and correct copy of the foregoing instrument was served upon all counsel of record, pursuant to the Texas Rules of Civil Procedure, by electronic e-service as follows:

Gabe T. Vick
James J. Ormiston
Gray Reed & McGraw, P.C.
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
*Attorney for Apache Corporation*

                                             /s/Clifford L. Harrison
                                             Clifford L. Harrison

MHDocs 6793869_1 15652.1